UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| HEZEKIAH UBA ORJI, <br><br> Petitioner, <br><br> v. <br><br> SCORE CORRECTIONAL FACILTY et al., <br><br> Respondents. | Case No. C19-905-RAJ <br><br> **REPORT AND RECOMMENATION** |

  Before the Court is a 28 U.S.C. § 2254 petition for writ of habeas corpus in which petitioner requests the Court order his immediate release from "unlawful incarceration" at the SCORE Correctional Faciltiy in Des Moines, Washington. Dkt. 4 at 1. As discussed below, petitioner contends the one year sentence that Federal Way Municipal Court Judge Robertson imposed for a probation violation is unlawful, and that he should therefore be released from custody immediately.

  The matter has been referred to the undersigned Magistrate Judge. Under Rule 4 of the rules governing § 2254 petitions, the Court must promptly examine a habeas petition and if it plainly appears from the petition and its attachments the petitioner is not entitled to relief, the Court must dismiss the petition. The Court has examined the petition, It avers petitioner was remanded into custody for a probation violation on March 19, 2019, Dkt. 4 at 1, and that

REPORT AND RECOMMENATION- 1

1  petitioner has not exhausted his state judicial remedies, in that none of the claims alleged in the

2  federal habeas petition have been fully and fairly presented to the state courts. *Id*. at 4. The

3  habeas petition thus presents unexhausted claims and should accordingly be dismissed without

4  prejudice. Leave to amend the petition should not be granted. Although petitioner proceeds *pro*

5  *se*, no amendment would cure the lack of exhaustion.

6  **DISCUSSION**

7  Petitioner was convicted and sentenced in the Federal Way Municipal Court (three years)

8  and the King County District Court (one year concurrent) and received a sentence of three years

9  total. Petitioner alleges that after he served his three years of imprisonment, Federal Way

10  Municpal Court Judge Robertson found he violated his terms of probation and imposed a term of

11  imprisonment of one year for the violation. Petitioner contends the one year is unlawful because

12  it exceeds the statutory maximum term of imprisonment for his underlying convictions. In

13  essence, Petitioner contends that if the maximum term of imprisonment a judge could impose for

14  his undelying criminal convictions is three years, and he already served three years, the

15  sentencing judge cannot impose any additional term of imprisonment for probation violations.

16  Petitioner also alleges his Federal Way convictions for driving under the influence (DUI),

17  Reckless Driving, and Operating a Vehicle Without an Interlock Device violate the prohibition

18  against Double Jeopardy under the Fifth Amendment.

19  There is no indication petitioner ever appealed his convictions which occurred more than

20  three years ago. There is also no indication petitioner appealed the one year sentence imposed by

21  Judge Robertson for the probation violation. Rather, after petitioner was remanded back into

22  custody by Judge Robertson in 2019, petitioner alleges that he submitted grievances to the

23  SCORE jail. The SCORE jail advised petitioner that he should seek relief in the Federal Way

REPORT AND RECOMMENATION- 2

Municipal Court for the sentence imposed for the probation violation and the Federal Way Court indicated petitioner should contact the King County District Court.

Given the allegations contained in the habeas petition, petitioner faces two hurdles that he must overcome to obtain federal relief. Petitioner may pursue federal habeas relief only after he has exhausted state judicial remedies. *See Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1)(A).[1] *See Rose v.Lundy*, 455 U.S. 509 (1982). The exhaustion doctrine is based on a policy of federal and state comity that is designed to give state courts the initial opportunity to correct alleged constitutional deprivations. *See Picard v. Connor*, 404 U.S. 270, 275 (1971). A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Id.* at 276.

Petitioner challenges sanctions imposed by the Federal Way Municipal Court, which is a state court of limited jurisdiction. Under the Washington Rules of Appeal for Courts of Limited Jurisdiction (RALJ), petitioner has the right to appeal to the state superior court a final decision of a court of limited jurisdiction. *See* RALJ Rule 2 et seq. The appeal must be filed in the state superior court within 30 days of the final decision of the court of limited jurisdiction. *See* RALJ Rule 2.5. An appellant may thereafter seek review of the superior court's determination in the state court or appeals, and also in the Washingotn Supreme Court. *See e.g. In re Restraint of Gates*, 116 Wn. App. 1019 (Div. I 2003)(Appeal contending summary dismissal of RALJ appeal was improper); *City of Seattle v. Williams*, 101 Wash. 2d 1051 (1984) (Reviewing, among other

---

[1] This section states that "An application for a writ of habeas corpus on behalf of a person in cusody to the judgement of a State court shall not be granted unless it appears that —(A) the applicant has exhausted the remedies available in the courts of the State."

REPORT AND RECOMMENATION- 3

1    things, whether defendants waived constitutional right to jury trial in court of limited
2    jurisdiction).

3         Thus, petitioner must first fully and fairly present the grounds for relief contained in his
4    habeas petition to the state courts. He avers he has filed greivances with the SCORE jail but does
5    not indicate he has made any effort to seek state judicial relief for the term of imprisonment he
6    challenges in this action. The claims that petitioner raises in his federal petition are consequently
7    unexhausted.

8         A federal court must dismiss a habeas petition if all claims are unexhausted. *Coleman v.*
9    *Thompson*, 501 U.S. 722, 731 (1991) ("This Court has long held that a state prisoner's habeas
10   petition should be dismissed if the prisoner has not exhausted state remedies as to any of his
11   federal claims."). As there is no indication that petitioner has ever presented his grounds for
12   relief to the state courts, his federal petition is unexhausted and should be dismissed. The Court
13   also notes that even if petitioner has begun the appeals process in the state courts, there is no
14   reasonably likelihood that state review is complete in view of the fact petitioner was just
15   remanded into state custody in March 2019.

16        In addition to failing to exhaust his claims in the state courts, petitioner's claim that his
17   Federal Way convictions violate the prohibition against double jeopardy is time barred. Federal
18   habeas corpus petitions filed by persons imprisoned under a state court judgment are subject to a
19   one-year statute of limitations. *See* 28 U.S.C. § 2244(d)(1). Under 28 U.S.C. § 2244(d)(1)(A),
20   "[t]he limitation period shall run from . . . the date on which the judgment became final by the
21   conclusion of direct review or the expiration of the time for seeking such review . . . ."
22   Additionally, "[t]he time during which a properly filed application for State post-conviction or
23   other collateral review with respect to the pertinent judgment or claim is pending shall not be

REPORT AND RECOMMENATION- 4

1    counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2)

2    (emphasis added).

3          For purposes of 28 U.S.C. § 2244(d)(1)(A), direct review generally concludes and the

4    judgment becomes final either upon the expiration of the time for filing a petition for writ of

5    certiorari with the Supreme Court, or when the Court rules on a timely filed petition for

6    certiorari. *Bowen v. Roe*, 188 F.3d 1157, 1158-59 (9th Cir. 1999). When there is no direct review

7    or the direct review process terminates prior to reaching the state's highest court, however, the

8    judgment becomes final on an earlier date. *Gonzalez v. Thaler*, 132 S. Ct. 641, 652-56 (2012);

9    *Wixom v. Washington*, 264 F.3d 894 (9th Cir. 2001). If the intermediate appellate court affirms

10   the judgment and sentence on direct appeal, and the petitioner does not timely seek review by the

11   state supreme court, the direct review process concludes upon expiration of time for seeking

12   review by the state supreme court and the judgment becomes final on that date. *Gonzalez*, 132 S.

13   Ct. at 653-54.

14         Here the convictions that petitioner challenges were final years ago. Petitioner alleges he

15   has served a three year sentence and there is no indication that he challenged the three year

16   sentence he received or the underlying convictions which he contends violate the prohibition

17   against double jeopardy. The judgments in these cases thus became final many years ago, and the

18   petition herein is long past the one year federal habeas statute of limitations.

19         In short, the Court is without jurisdiction to consider federal habeas claims that have not

20   been exhausted in the state courts. *See* 28 U.S.C. § 2254(b)(1). Petitioner has not sought review

21   in the state courts of any claim contained in the federal petition, and some claims are also time

22   barred. The Court accordingly recommends the petition herein be dismissed without prejudice

23   for lack of exhaustion.

REPORT AND RECOMMENATION- 5

1

## CERTIFICATE OF APPEALABILITY

2      If the District Court adopts the Report and Recommendation, it must determine whether a

3  certificate of appealability ("COA") should issue in regards to the habeas petition. Habeas Rule

4  11(a).  A COA may be issued only where a petitioner has made "a substantial showing of the

5  denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(3). A petitioner satisfies this standard

6  "by demonstrating that jurists of reason could disagree with the district court's resolution of his

7  constitutional claims or that jurists could conclude the issues presented are adequate to deserve

8  encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). The Court

9  recommends a COA not be issued. No jurist of reason would find it debatable whether the

10 district court was correct in its ruling that petitioner has submitted seeks habeas relief for claims

11 he has failed to present to the state courts and which also lack merit. Petitioner should address

12 whether a COA should issue in his written objections, if any, to this Report and

13 Recommendation.

14

## OBJECTIONS AND NOTING DATE

15     Any objections to this Recommendation must be filed no later than  **July 5, 2019**.  The

16 Clerks shall noted the matter as ready for the Court's consideration on Friday**, July 5, 2019** and

17 the Clerk. Objections shall not exceed 8 pages. The failure to timely object may affect the right

18 to appeal.

19     DATED this 21st day of June, 2019.

20

21 _____

      BRIAN A. TSUCHIDA
22    United States Magistrate Judge

23

REPORT AND RECOMMENATION- 6